IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MADELAINYS IGLESIA MENA,<br>A# 240-758-805,<br><br>    *Petitioner*,<br><br>VS.<br><br>KRISTI NOEM, in Her official capacity as<br>Secretary of the Department of Homeland<br>Security; TODD M. LYONS, in His Official<br>Capacity as Acting Director of U.S. Immigration<br>and Customs Enforcement; MIGUEL<br>VERGARA, in His Official Capacity as Director<br>of the San Antonio Field Office of ICE,<br>Enforcement and Removal Operations;<br>RAYMOND E. THOMPSON, Warden of the<br>Karnes County Immigration Processing Center;<br>and DAREN K. MARGOLIN, Director of the<br>Executive Office for Immigration Review,<br><br>    *Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. SA-26-CV-749-FB |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court are Petitioner Madelainys Iglesia Mena's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1); and Federal Respondents' ("Respondents") Response to Petition in opposition thereto (ECF No. 5). The relevant facts are undisputed and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted). After careful consideration, the Court is of the opinion that the Petition should be granted and Petitioner should be released from custody under reasonable and appropriate conditions of release.

## BACKGROUND

Petitioner is currently detained at the Karnes County Immigration Processing Center in Karnes City, Texas, located in the Western District of Texas. Petitioner argues that Petitioner's detention is unlawful and asks the Court to order Petitioner's immediate release or in the alternative, a bond hearing.

Petitioner is a citizen and national of Cuba who has lived continuously in the United States since her initial entry on or about April 27, 2022, when she entered the United States at or near Rio Grande City, Texas. She turned herself into U.S. immigration authorities, was processed and subsequently released on recognizance. Since then, Petitioner has complied with all the conditions of her release, including attending ICE check-in appointments and immigration court hearings. Her commitment to seeking relief from removal is evidenced by her pending Asylum Application and Form I-485, Adjustment of Status Application based on the Cuban Adjustment Act, with U.S. Citizenship and Immigration Services. Petitioner states that since her release from immigration custody on April 30, 2022, she has not only compiled with all conditions of her supervision but has also taken proactive steps to demonstrate her commitment to her legal obligations.

On or about January 21, 2026, Petitioner appeared for her scheduled ICE appointment. She expected a routine compliance check-in, having no criminal record or pending violations. Without warning or explanation, ICE officers detained her on the spot and refused to release her. ICE officers informed Petitioner she would now be detained, despite her history of appearing at ICE check-ins while in removal proceedings for previous years.

**DISCUSSION**

The Court has considered whether prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions. After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions. *See e.g.*, *Gonzalez-Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v.*

*Bondi*, Case No. 5:26-CV-0659-JKP, 2026 WL 1008544 (W.D. Tex. Apr. 2, 2026); *Flores Molina v. Thompson*, Case No. 5:26-CV-0631-JKP, 2026 WL 908556 (W.D. Tex. Mar. 27, 2026)*; Vargas-Negrete v. Noem***,** Case No. SA-26-CA-00571-XR, 2026 WL 905456 (W.D. Tex. Mar. 19, 2026)*; Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026); *Marceau v. Noem, No. EP-26-CV-237-KC, 2026 WL 368953, at \*1 (W.D. Tex. Feb. 9, 2026); Martinez v. Noem,* No. 3:25-cv-430-KC, 2025 WL 2965859, at \*3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at \*10-13 (W.D. Tex. Oct. 2, 2025); and *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025); *see also Gonzalez Gonzalez v. Blanche*, CIVIL ACTION NO. 4:26-CV-05561, ECF No. 10 at page 2 (S.D. Tex. Jul. 27, 2026) (finding the Fifth Circuit stay in *Sosnava v. Rodriguez* had no effect on its ruling explaining "the Fifth Circuit's order does not clearly state what precedential effect, if any, it has on the district courts in general. Such a stay is 'not conclusive as to the merits,' and this Court will not speculate as to the Fifth Circuit's unstated intentions"); *Barreno Hernandez v. Warden DC Cole*, CIVIL ACTION NO. 5:26-CV-01279, ECF No. 9 at page 5 & n.2 (S.D. Tex. Jul. 24, 2026) (granting habeas petition finding detention violated rights under Due Process Clause of the Fifth Amendment requiring immediate release and explaining that: (1) Fifth Circuit issued a stay of the three individual district court judgments in *Sosnava Rodriguez* pending rehearing *en banc* on July 21, 2026 without analysis; (2) Supreme Court has recognized interim order granting a stay is "not conclusive as to the merits"; "reading into the Fifth Circuit's stay 'is an inherently speculative endeavor'"; and finding that "[w]ithout clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed").

Accordingly as set forth above and for reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access toJustice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one.  The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

As to Petitioner's requested relief, "[h]abeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008).  In cases where the Court finds a constitutional violation, "[t]he typical remedy for such detention is, of course, release." *Id.*  "In recent months, courts across the country have ordered the release of detainees in similar situations." *Moctezuma v. Henkey*, No. 1:25-CV-741-BLW, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (ordering immediate release and collecting cases across jurisdictions); *Cruz-Reyes v. Bondi,* 818 F. Supp. 3d 875, 885 (S.D. Tex. 2026) ("[D]ue process concerns weigh heavily in favor of granting immediate release."); *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *13–14 (W.D. Tex. Oct. 2, 2025) (collecting cases and finding that "immediate release appropriately remedies Respondents' violation of [Petitioner's] due process rights through her continued detention.").

## CONCLUSION

The Court joins other Texas Western district courts, including those in the San Antonio Division, finding that the significant violation of Petitioner's due process rights and other prudential concerns weigh in favor of ordering Petitioner's immediate release.  *See Flores v. Blanche*, No. 1:26-CV-1399-RP, 2026 WL 1603561, at *5 (W.D. Tex. June 4, 2026); *Alvarez v. Ortega*,  No. SA-26-CA-03339-XR, 2026 WL 1611973, at *14 (W.D. Tex. June 3, 2026); *Ribero-Ardila v.*

*Rodriguez*, No. 5:26-CV-0689-JKP, 2026 WL 990025, at \*7 (W.D. Tex. Apr. 13, 2026); *see also Cruz-Reyes v. Bondi*, 818 F. Supp. 3d at 885.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Madelainys Iglesia Mena (A#240-758-805) from custody, under reasonable conditions of supervision, to a public place no later than **Wednesday, August 5, 2026**.

2. Respondents must **NOTIFY** Petitioner's counsel, by email or by a direct telephone conversation, of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3. Respondents shall **FILE** a status report no later than **Friday, August 7, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending, including the Motion to Expedite Ruling (ECF No. 7), are DISMISSED AS MOOT, and this case is CLOSED.

It is so ORDERED.

SIGNED this 31st day of July, 2026.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE